**UNITED STATES of America**

v.

**William J. McGOLDRICK, III.**

**Crim. A. No. 91–63–03.**

United States District Court,
E.D. Pennsylvania.

May 29, 1992.

Chief Crim. Div., U.S. Attorney's Office, Philadelphia, Pa., for plaintiff.

Defendant, pro se.

Robert J. O'Shea, Perlbarger Law Associates, P.C., Bala Cynwyd, Pa., for defendant.

## MEMORANDUM & ORDER

HUYETT, District Judge.

Defendant William J. McGoldrick, III was indicted for conspiracy to possess with intent to distribute in excess of five kilograms of cocaine. Defendant waived his right to a court-appointed lawyer and elected to proceed to trial *pro se.* Prior to trial, Defendant moved the Court to issue a number of subpoenas at government expense pursuant to Federal Rule of Criminal Procedure 17(b). The Court granted Defendant's motion in part and Defendant served a subpoena on Elaine Shannon. Ms. Shannon has moved to quash the subpoena. For the reasons discussed below, the Court granted Ms. Shannon's motion.

On May 8, 1992, the Court held an ex parte hearing on Defendant's application and afforded Defendant an opportunity to show that the requested subpoenas were necessary to an adequate defense under Fed.R.Crim.P. 17(b). Defendant's application named Elaine Shannon as a witness. His comments at the May 8th hearing led the Court to believe that Defendant knew Ms. Shannon personally and that Defendant knew the likely contents of Ms. Shannon's testimony. Upon the filing of her motion to quash, the Court learned that Defendant had subpoenaed a distinguished nationally known reporter based on no more than an article she had written for the July 1, 1991 issue of *Time* magazine. Defendant admitted at a later hearing that he had never met or spoken with Ms. Shannon.

There are a number of reasons supporting the Court's decision to quash the Shannon subpoena. First, Federal Rule of Evidence 706(a) states that "[a]n expert witness shall not be appointed by the court unless the witness consents to act." Ms. Shannon's attorney stated that Ms. Shannon did not consent to act as an expert witness. Second, the Court found that compliance with the subpoena would be unreasonable and unduly burdensome for Ms. Shannon. The Court further found that Defendant was on no more than a "fishing expedition" when he obtained this subpoena. Third, the Court found that Defendant would have serious difficulties establishing Ms. Shannon as an expert under the rules of evidence.

■ Fourth and finally, calling Ms. Shannon to the stand as an expert witness on the Cali cocaine cartel in Colombia would risk the exposure of Ms. Shannon's confidential sources and unpublished research materials, thereby implicating Ms. Shannon's journalist's privilege and the guarantees of the First Amendment. A journalist's privilege not to divulge her *sources and unpublished research notes is* not absolute. Rather, the journalist's privilege must be balanced against a criminal defendant's right to produce evidence at trial under the compulsory process and confrontation clauses of the Sixth Amendment and the due process clause of the Fifth Amendment. In weighing these factors, the trial court must "tread carefully on the hallowed ground where these basic concerns, the free flow of information and the fair administration of justice, conflict." *United States v. Criden,* 633 F.2d 346, 358 (3d Cir.1980). The Third Circuit has developed a formula for use in determining the circumstances under which a journalist loses the qualified privilege to refrain from naming a source. *Id.* A criminal defendant must meet three criteria before a reporter can be compelled to disclose a confidential source:

(1) the movant must demonstrate that he has made an effort to obtain the information from other sources;

(2) the movant must demonstrate that the only access to the information sought is through the journalist and her sources; and

(3) the movant must persuade the court that the information sought is crucial to the claim.

*Criden,* 633 F.2d at 358–9. Defendant has made no attempt to satisfy these three criteria. Allowing a criminal defendant to subpoena a nationally known journalist

**180**

"out of the blue" based on no more than a news article without contacting the journalist to see if she would be willing to testify, and to learn the probable contents of that testimony, would set a dangerous precedent with grave implications for the First Amendment guarantees of freedom of the press and freedom of speech.

For these four reasons, the Court quashed the Shannon subpoena. An appropriate order follows.

### MEMORANDUM & ORDER

For the reasons stated in the foregoing memorandum of law, the motion of Elaine Shannon to quash the subpoena compelling her appearance at trial is GRANTED. The subpoena whereby Elaine Shannon was called to testify in this matter is QUASHED.

IT IS SO ORDERED.